# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENZO B.,<br>Petitioner,<br><br>v.<br><br>LEONARD ODDO *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:26-2202 |

## **MEMORANDUM ORDER**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE"). Petitioner seeks immediate release and other relief. Separately, Petitioner filed a Motion for Temporary Restraining Order ("TRO") and a Motion to Proceed Under Pseudonym. Respondents filed a Response to the Petition for Writ of Habeas Corpus and Motion for TRO. The Court held a telephonic hearing on the Petition and both Motions. Upon considering each of these filings and the parties' supporting exhibits, along with counsel's arguments at the hearing, this Court will grant the Petition, in part, and order a bond hearing, but deny other requested relief. Petitioner's Motions were ruled upon separately.

The United States Court of Appeals for the Third Circuit in a divided panel recently held that 8 U.S.C. § 1226(a)[1], not 8 U.S.C. § 1225(b)(2)(A)[2], applies to an alien who is not "an alien seeking admission." *Buele Morocho v. Warden Philadelphia FDC*, *189 F.4th* 287 (3d Cir, 2026).

---

[1] This provision permits discretionary release on bond pending removal proceedings so long as the alien in not a danger or flight risk. *Buele Morocho, 189 F.4th at 292 (citing* 8 U.S.C. § 1226(a)).

[2] This provision "imposes mandatory detention if: (1) an 'examining immigration officer,' (2) determines that an 'applicant for admission,' (3) is 'an alien seeking admission,' and (4) is 'not clearly and beyond a doubt entitled to be admitted." *Buele Morocho, 189 F.4th at 293 (citing* 8 U.S.C. § 1225(b)(2)(A)).

Petitioner, like the petitioners in *Buele Morocho*, is not alleged to be seeking admission to a port of entry, but rather was already present in the United States. According to the Third Circuit, Petitioner's detention is therefore governed by § 1226(a), and he therefore has a right to an individualized bond hearing. Furthermore, where detention is governed by § 1226(a), detention without a bond hearing is a violation of the Petitioner's procedural due process rights. *Id.* at 305-307. Therefore, the Petition is GRANTED insofar as a bond hearing must be provided.

Moreover, the place of an alien's detention is left to the discretion of the Attorney General and courts lack jurisdiction to enjoin a detainee's transfer. *See Calla-Collado v. Attorney General of the US*, 663 F.3d 680, 685 (3d Cir. 2011). However, habeas jurisdiction has attached for this Petitioner with this Court and therefore the Court retains jurisdiction over this matter regardless of whether Petitioner is transferred elsewhere or where the Petitioner might now be located. *Khalil v. President, United States*, 164 F.4th 259, 271 (3d Cir. 2026).

AND NOW, this 20 day of November 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus is GRANTED IN PART and DENIED IN PART. It is ORDERED that in that as soon as practicable, but no later than fourteen (14) days from the date of this Order, Petitioner must receive an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226. Said bond hearing shall occur before an immigration judge within the jurisdiction of the Third Circuit, applying Third Circuit law and precedent.

IT IS FURTHER ORDERED that Petitioner's request for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d), is DENIED. Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The

key issue here is whether Petitioner is "an applicant for admission" who is "seeking admission" under 8 U.S.C. § 1225(b)(2)(A). Respondents argue that Petitioner is an "arriving alien" and that *Buele Morocho v. Warden Philadelphia FDC*, *189 F.4th* 287 (3d Cir, 2026), did not specifically rule on that point. Therefore, the Court holds that Petitioner is not entitled to attorney fees and expenses under the EAJA.

All other requests for relief in the Petition are otherwise DENIED.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

*<u>/s/ W. Scott Hardy</u>*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record